Smith, Judge,
concurring.
While I concur with the results reached by the majority, I do so on a more limited basis. As to the dismissal of C.A. 5268, I concur solely for the reason that Rule 6 of the Rules of the Customs Court contains the explicit requirement that “all motions for rehearing must be fled with the clerk of the court at New York within 30 days from the entry of Judgment in the case in which rehearing is requested.” [Emphasis added.] The proofs are clear that this requirement was not met. Under these circumstances, I see no reason for considering whether under 28 U.S.C. 2640 such a motion is “made” when it is mailed. There may well be other circumstances in which a motion should be considered as “made” within the contemplation of 28 U.S.C. 2640, cf. Charleson Realty Co. v. United States, 181 Ct. Cl. 262, 384 F. 2d 434. I would, therefore, not unnecessarily prejudge such a case at this time by placing a limiting interpretation on the statutory provision as does the majority.
As to C.A. 5262, I feel that the majority goes somewhat beyond the necessary function of this court in the present case which involves review of an appeal to reappraisement. It is settled law that our function is to determine legal issues rather than to review the factual evidence on which the Appellate Term acted, United States v. Acme Steel Co., 51 CCPA 81, 84, C.A.D. 841 (1964); United States v. North *11 American Asbestos Corp., 48 CCPA 153, 155, C.A.N. 783 (1961); H. S. Dorf & Co. v. United States, 41 CCPA 183, 189, C.A.D. 548 (1954).
Under tbis view we are required to determine only whether as a matter of law there is substantial evidence supporting the appealed judgment. Here there was such evidence. The dispositive question of law on which I would decide the issue relates to the interpretation and application of the statutory provisions relating to “export value” and “cost of production.” On this question, I agree with the decision of the majority.